ROBERT PORTER *vs.* COUNTY COMMISSIONERS OF NORFOLK.

Though an original petition for a jury to assess damages caused by the taking of land for a rail road is not seasonably filed, if it be after the regular meeting of the county commissioners next following that at which they completed and returned their estimate of such damages, yet if such petition be filed at the same meeting at which they complete and return such estimate, and they thereupon, without notice to the rail road corporation, pass an order and issue a warrant for the summoning of a jury, and the warrant is not served, they are authorized, and ought, upon motion of the land owner, though the motion be not made until after their next regular meeting, to issue an order of notice to the rail road corporation to show cause why a jury should not be summoned on the original petition ; the first order for a jury being void, for want of such notice, and the original petition being still pending.

PETITION for a writ of mandamus, commanding the county commissioners of Norfolk to pass an order for a jury to revise the estimate, made by said commissioners, of the damages caused to the petitioner by the taking of his land, &c. by the Stoughton Branch Rail Road Company, or for such other relief to the petitioner as law and equity may require.

The facts set forth in the petition, and not denied, were these : On the 4th of July 1844, before the adjournment of the regular meeting of the county commissioners, appointed to be held on the fourth Tuesday of June in that year, the Stoughton Branch Rail Road Company petitioned the said

commissioners to estimate the damages caused to said Porter, (the petitioner,) by the location of their rail road. On the 26th of December 1844, said commissioners, at their regular meeting, awarded $1000 to said Porter, and caused their estimate to be completed and returned. Said Porter, being dissatisfied therewith, immediately petitioned the said commissioners, in writing, for a jury. Whereupon they, at the same meeting, without any notice to said Rail Road Company, ordered a jury; and on the 8th of January 1845, their clerk, without any special application therefor, made out a warrant for a jury, and gave it to the sheriff, who, at the end of three months, returned it to the clerk's office unserved.

Both said petitions were continued, from term to term, to the June term of said commissioners' court, in 1845, at which last term, within six months from said commissioners' award aforesaid, but after an intervening regular term in April 1845, said Porter filed a new petition, in writing, for a jury to estimate his damages. The petition was continued to September term 1845, when said Porter, by his counsel, made a motion, in writing, to have an order of notice issue on his original petition for a jury, (which was filed on the 26th of December 1844, then pending in said commissioners' court,) to said Rail Road Corporation, to show cause why a warrant should not issue thereon; but said commissioners refused to issue any such notice. An order of notice was issued on said second petition, filed at June term 1845, returnable on the 27th of October 1845, at which time both parties appeared, and said commissioners refused to order a jury.

*Wilkinson,* for the petitioner. The order passed in December 1844 was of no validity, for want of notice to the Rail Road Company. *Central Turnpike,* 7 Pick. 13. *Hinckley,* 15 Pick. 447. *Brown* v. *City of Lowell,* 8 Met. 172. And if the commissioners make an erroneous order on the petition, they should correct it. See *Inhabitants of Mendon* v. *County of Worcester,* 10 Pick. 235. *Ex parte Weston,* 11 Mass. 417.

By the Rev. Sts. *c.* 39, § 57, application for a jury to assess

damages, in case of rail roads, may be made at the same meeting at which the commissioners return their estimate, or at their next regular meeting. And by § 56, commissioners are to estimate damages "in the manner provided in the case of laying out highways." By Rev. Sts. c. 24, § 14, in case of highways, application for a jury to assess damages may be made at the meeting of the commissioners, at which the highway is laid out, or at their next regular meeting, or at any time not exceeding six months thereafter. The "six months," after the meeting succeeding that at which the commissioners' return of damages is made, (it is submitted,) is applicable to rail roads, according to the provisions of c. 39. But if the court hold otherwise, yet the present petitioner s entitled to an order of notice on his first petition.

*B. Rand*, for the respondents. The petitioner's remedy is lost by lapse of time. The "six months," in Rev. Sts. c. 24, § 14, were not extended to rail roads, by c. 39 ; and an application for a jury, in case of rail roads, can be made only at the commissioners' meeting at which the estimate of damages is returned, or at their next regular meeting.

Dewey, J. The petition for a jury, filed with the county commissioners at their regular meeting in June 1845, as an original petition, was not filed in due season ; the Rev. Sts. c. 39, § 57, limiting the application to the meeting at which the estimate of damages by the commissioners shall be completed and returned, or at the next regular meeting thereafter.

It is contended that the application may be made within the period of six months, as in case of an application for a jury to assess damages in the location of a highway. But though the general course of proceedings is similar, in relation to a jury in the two cases, yet, upon this point, the cases differ, and a different statute provision exists. The only question, therefore, in the present case, arises upon the application for further proceedings upon the original petition filed at the proper term, and upon which a jury was ordered, but never called out by the petitioner. If such order had been a legal one, and a warrant had been duly issued thereon, and

the petitioner, without any sufficient cause, had neglected to call out the jury, he would thereby be taken to have waived his right to a jury ; as was held in *Taylor* v. *County Commissioners of Plymouth,* (*ante,* 449.)

Upon examining the records of the doings of the county commissioners, upon the original petition, it is quite apparent that no legal order was ever made, ordering a jury thereon. Such order could only be made after due notice to the corporation, or, what is equivalent, an appearance by them. *Central Turnpike,* 7 Pick. 13. *Hinckley,* 15 Pick. 447. The order being thus wholly illegal, no duty devolved upon the petitioner to call out the jury, in pursuance of such order ; and he might properly treat it as a nullity. The proper order, upon the original petition, has not been made, viz. an·order of notice upon the corporation to show cause why a jury should not be ordered upon the petition. That order it is yet competent for the county commissioners to make. The case is still pending, and the subject of any proper order. If it has not been duly brought forward upon the docket of that tribunal, it may be so now. The petition is undisposed of, and the further proceedings necessary to assess damages by a jury may yet be had thereon.

We think the proper order here will be, that an alternative mandamus issue to the county commissioners of Norfolk, requiring them to issue an order of notice to the Stoughton Branch Rail Road Company to appear before them and show cause why a jury should not be ordered upon the original petition of said Robert Porter, or that said county commissioners show cause for not so doing.